1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

| | |
|---|---|
| DUANE LEE SUMMERS, | CASE NO. 3:15-cv-05102 RJB |
| Plaintiff, | ORDER: |
| v. | (1) DENYING MOTION TO APPOINT COUNSEL; |
| PAT GLEBE, GLEN DAVIS, JAMES ALIF, DAN ANDERSON, BEV TISLER, GINA WHITE, KEN THORNOCK, DANIEL TAYLOR, SALLY THEISSON, DAVID JENNINGS, CHARLES BARROW, C ROHRER, D MICHELBRINK, SHEPPARD, DAN PACHOLKE, BRUNER, BURROUGH, K MCTARSNEY, D ZIBERT, M CALDWELL, TOM JOHNSON, JEANIE MILLER-JACKSON, TAMARA J ROWDEN, IDSO, LANOUE, | (2) ADOPTING REPORT AND RECOMMENDATION; AND |
| | (3) DISMISSING CASE |
| Defendants. | |

21

22          This matter comes before the Court on United States Magistrate Judge J. Richard

23      Creatura's Report and Recommendation (Dkt. 6) and on plaintiff's Motion to Appoint Counsel

24

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING CASE -
1

1   (Dkt. 7). The Court has considered plaintiff's motion, the Report and Recommendation and

2   objections thereto, and the file herein.

3       Plaintiff, a state prisoner proceeding *pro se*, filed a 42 U.S.C. § 1983 civil rights action,

4   alleging that (1) the named defendants wrongfully terminated him from his correctional

5   industries job at the Stafford Creek Corrections Center "with out due process or evidence"; (2)

6   some of the defendants slandered and defamed him by accusing him of dumping water on the

7   floor at his work area; and (3) one of the defendants retaliated against plaintiff, as allegedly

8   evidenced by the defendant's statement that "[he] did not want [plaintiff] to work for

9   Correctional Industries." Dkt. 5.

10       Plaintiff requests that the Court issue an injunction awarding him a "Labor and Industries

11   Certificate at proficiency as a [Computer Numerical Control] operator and programmer" (Dkt. 5,

12   at 4), the certificate he allegedly would have had the opportunity to earn had he not been fired

13   from the job. In addition, plaintiff requests that the Court award him damages, including

14   monetary damages for lost wages. Dkt. 5, at 4.

15       On February 23, 2015, Magistrate Judge Creatura issued a Report and Recommendation,

16   recommending that the Court dismiss plaintiff's action at screening for failure to state a claim

17   and revoke his *in forma pauperis* status on appeal. Dkt. 6.

18       More specifically, Magistrate Judge Creatura concluded that (1) plaintiff was not entitled

19   to due process for termination of his employment because he had no constitutional right to the

20   job; (2) plaintiff's retaliation claim fails as a matter of law because plaintiff has failed to show

21   that he engaged in any protected conduct; and (3) plaintiff's defamation and slander claim fails

22   as a matter of law because plaintiff's alleged injury was neither inflicted in connection with nor

23   caused the denial of any federally protected right. Dkt. 6.

24

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING CASE -
2

1    In response, plaintiff argues that his "protected conduct and liberty interest" is the "state-

2    created liberty interest in [receiving] the Labor and Industries certificate of proficiency"; that

3    retaliation occurred when one of the defendants submitted a written statement recommending

4    that plaintiff be terminated (Dkt. 1-1, at 10) and when plaintiff was allegedly denied access to the

5    evidence pertinent to his termination; and that such a denial violated also his due process. Dkt. 8.

6    In addition, plaintiff appears to assert a claim for "failure to investigate the staff misconduct."

7    *Id.*, at 3.

8    The Court has reviewed the record *de novo* and agrees with Magistrate Judge J. Richard

9    Creatura's analysis and conclusion, with the addition of the following analysis.

10    *a.   Plaintiff's due process claims*

11    A prisoner has no independent constitutional right to employment. *See Baumann v.*

12    *Arizona Dep't of Corr.*, 754 F.2d 841, 844 (9th Cir. 1985) (finding no constitutionally protected

13    interest in a work furlough program). Accordingly, plaintiff may avail himself of due process

14    protection only if the state has created a constitutionally protected interest in his correctional

15    industries job by imposing substantive limitations on the exercise of official discretion. *See Id.*,

16    at 841 (citing *Hewitt v. Helms,* 459 U.S. 460, 470–71 (1983)). The state must express these

17    limitations in language of "an unmistakably mandatory character." *Hewitt,* 459 U.S. at 471.

18    Here, plaintiff has failed to show that Washington State has created a constitutionally

19    protected interest in his correctional industries job. RCW 72.09, the only statute plaintiff has

20    cited, vests power in the Department of Corrections to provide for a comprehensive inmate work

21    program. *See* RCW 79.09.100. This statute appears to grant the Department of Corrections broad

22    discretion in providing inmates with employment. Plaintiff has failed to show that Washington

23    State so substantively limits the exercise of the Department of Corrections' discretion as to

24

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING CASE -
3

1  invoke any constitutional protection. Accordingly, plaintiff's due process claim fails as a matter

2  of law.

3      *b.  Plaintiff's retaliation claim under federal law*

4          To establish a First Amendment retaliation claim, a prisoner must show that (1) a state

5  actor took some adverse action against the prisoner (2) because of (3) the prisoner's protected

6  conduct, and that such action (4) chilled the prisoner's exercise of his First Amendment rights,

7  and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*,

8  408 F.3d 559, 567-68 (9th Cir. 2005).

9          Here, plaintiff has failed to show these five elements. In his complaint, plaintiff appears

10 to argue that retaliation, by way of termination, occurred because one of the defendants "did not

11 want" plaintiff to continue his employment. Plaintiff has not shown that he was engaging in any

12 protected conduct causing the allegedly adverse action.

13         In his objections, plaintiff appears to argue that one of the defendants retaliated against

14 him by refusing to provide plaintiff with the evidence pertinent to plaintiff's termination. Even if

15 this alleged retaliation was in response to plaintiff's complaints possibly falling under the

16 category of a First Amendment protected conduct, plaintiff has failed to show that such an

17 allegedly adverse action chilled his exercise of his First Amendment rights. In fact, since then,

18 plaintiff has filed numerous complaints. Dkt. 5, at 11-41, 59-64. Nor has plaintiff shown that

19 such an allegedly adverse action failed to reasonably advance any legitimate correctional goal.

20         Accordingly, plaintiff has failed to state a viable retaliation claim.

21     *c.  Plaintiff's defamation/slander claim under federal law*

22         The Court agrees with the Report and Recommendation. Plaintiff has not shown that he

23 has a federally protected right to his correctional industries job. Accordingly, plaintiff cannot

24

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING CASE -
4

1   claim, as a matter of law, that the alleged injury was inflicted in connection with, or caused the

2   denial of, a federally protected right, the necessary elements of a § 1983 "defamation plus"

3   claim. *See Crowe v. Cnty. of San Diego*, 608 F.3d 406, 444 (9th Cir. 2010) (citing *Herb Hallman*

4   *Chevrolet v. Nash–Holmes,* 169 F.3d 636, 645 (9th Cir.1999)).

5        Plaintiff's defamation and slander claim fails as a matter of law.

6        *d.   Plaintiff's failure to investigate claim under federal law*

7        To state a claim under § 1983, a complaint must allege (1) that the conduct complained of

8   was committed by a person acting under color of state law; and (2) that the conduct deprived a

9   person of a right, privilege, or immunity secured by the Constitution or the laws of the United

10  States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v.*

11  *Williams*, 474 U.S. 327 (1986).

12       Here, plaintiff has failed to show that the defendants in question deprived him of a

13  constitutionally protected right or privilege when they allegedly failed to investigate his

14  termination. Accordingly, plaintiff has failed to state a viable § 1983 claim.

15       *e.   Plaintiff's state law claims*

16       To the extent that plaintiff's defamation, slander, failure to investigate, or any other claim

17  constitute state law claims, the Court should decline to exercise supplemental jurisdiction over

18  such claims. Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental

19  jurisdiction over state law claims if (1) the claims raise novel or complex issues of state law; (2)

20  the claims substantially predominate over the claim or claims the district court has original

21  jurisdiction over; (3) the district court has dismissed all claims over which it has original

22  jurisdiction, (4) in exceptional circumstances, there are other compelling reasons for declining

23  jurisdiction.  "While discretion to decline to exercise supplemental jurisdiction over state law

24

1  claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the

2  values of economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc*., 114 F.3d

3  999, 1001 (9th Cir. 1997) (internal citations omitted).

4       Here, the Court should dismiss all plaintiff's claims over which the Court has original

5  jurisdiction for failure to state a claim. Accordingly, the Court should decline to exercise

6  supplemental jurisdiction over plaintiff's state law claim, if any.

7       In sum, plaintiff's complaint lacks merit.

8       **Leave to amend**. Pro se plaintiffs proceeding *in forma pauperis* must be given an

9  opportunity to amend their complaint unless it is "absolutely clear that the deficiencies of the

10  complaint could not be cured by amendment." *Stanger v. City of Santa Cruz,* 653 F.2d 1257,

11  1257–58 (9th Cir.1980); *Broughton v. Cutter Laboratories,* 622 F.2d 458, 460 (9th Cir.1980).

12  Magistrate Judge Creatura concluded that an amendment could not cure the deficiencies of

13  plaintiff's complaint. Dkt. 6, at 5. As a result, Magistrate Judge Creatura recommended that, if

14  plaintiff fails to file an amended complaint before March 27, 2015, the Report and

15  Recommendation's noting date, the Court should dismiss plaintiff's complaint under 28 U.S.C. §

16  1915A for failure to state a claim. As of this date, plaintiff has filed no amended complaint.

17  Accordingly, the Court should dismiss plaintiff's case for failure to state a claim.

18       **Plaintiff's motion to appoint counsel.** Plaintiff requests that the Court appoint counsel

19  to represent him in this action. Under 28 U.S.C. § 1915(e)(1), the Court may request an attorney

20  to represent any person unable to afford counsel. However, the Court may appoint counsel in

21  exceptional circumstances only. *Franklin v. Murphy*, 745 F.2d 1221,1236 (9th Cir. 1984).

22       Here, plaintiff's complaint lacks merit. In addition, plaintiff is able to able to articulate

23  and explain his position. This case does not present exceptional circumstances warranting an

24

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING CASE -
6

1  appointment of counsel. Accordingly, the Court should deny plaintiff's motion to appoint

2  counsel.

3          ***In Forma Pauperis* on Appeal.** If plaintiff appeals this order and/or dismissal of this

4  case, this Court should revoke *in forma pauperis* status without prejudice to plaintiff to file an

5  application to proceed *in forma pauperis* with the U.S. Ninth Circuit Court of Appeals.

6          The Court, having reviewed Magistrate Judge J. Richard Creatura's Report and

7  Recommendation, and the remaining record, does hereby find and **ORDER**:

8          (1) The Court **ADOPTS** the Report and Recommendation (Dkt. 6).

9          (2) Plaintiff's complaint (Dkt. 5) is **DISMISSED** with prejudice.

10         (3) Plaintiff's Motion to Appoint Counsel (Dkt. 7) is **DENIED**.

11         (4) If plaintiff appeals this case, *in forma pauperis* status is revoked without prejudice to

12             file an application to proceed *in forma pauperis* with the U.S. Ninth Circuit Court of

13             Appeals.

14         (5) The Court declines to exercise supplemental jurisdiction over any plaintiff's state law

15             claims.

16         (6) The Clerk shall direct copies of this Order to all counsel and to Magistrate Judge J.

17             Richard Creatura.

18         Dated this 2nd day of April, 2015.

19

20         _____

21         ROBERT J. BRYAN
           United States District Judge

22

23

24

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING CASE -
7